## 52501. CAUSEY v. THE STATE.

DEEN, Presiding Judge.

The defendant was indicted and convicted of receiving stolen property from persons unknown, the property being some 500 pieces of clothing, "all having been taken from a Leaseway Trailer No. R-144 in July, 1972" and all being the property of Sears, Roebuck & Co. His motion for new trial, which was overruled, is based on lack of evidence (1) that the property allegedly stolen was stolen from Sears, Roebuck, and (2) that the goods found in the defendant's house (on which the state's case is predicated) were the goods alleged in the indictment to have been stolen. *Held:*

1. The offense of theft by receiving stolen property is committed when one retains property he knows to have been stolen. Code § 26-1806. Theft is the unlawful taking of the property of another with the intention of depriving the owner of it. Code § 26-1802. "Property of another" means property in which a person or persons other than the accused has an interest. Code § 26-1801 (c). From these definitions it follows that a defendant who is guilty of receiving stolen goods must hold them, with knowledge that they are the property of another. Knowledge that goods have been stolen is felonious knowledge, and is the gist of the offense. *Ford v. State,* 162 Ga. 422 (2) (134 SE 95). "To sustain the conviction of the defendant for the offense charged, the larceny of the goods and their ownership must be proven with reasonable certainty as alleged in the indictment." *Johnson v. State,* 122 Ga. App. 769, 770 (178 SE2d 772). Furthermore, the state must present evidence which sufficiently identifies the goods found in the defendant's possession as being the same goods which were stolen. *Herring v. State,* 122 Ga. App. 730, 731 (178 SE2d 551); *Leachman v. State,* 132 Ga. App. 423 (1) (208 SE2d 196).

From this it follows that in a trial for receiving stolen goods, the identity of the goods and the fact that they were stolen go to the gist of the offense. Ownership, however, is critical only in the negative sense that if the goods were not owned by someone other than the accused they are not stolen, and if the goods found in the possession of the defendant are not shown to be that which has in fact been stolen, proof of larcenous taking is absent. Nice questions as to the quality of interest of the alleged owner will accordingly not be pursued. The trend of modern criminal law is away from an over-technical application of the fatal variance rule, as has frequently been pointed out in recent burglary, robbery and theft by taking cases. *DePalma v. State,* 225 Ga. 465 (3) (169 SE2d 801); *Bell v. State,* 227 Ga. 800 (183 SE2d 357); *Marchman v. State,* 234 Ga. 40 (215 SE2d 467); *Dobbs v. State,* 235 Ga. 800 (221 SE2d 576); *Leachman v. State,* 132 Ga. App. 423, supra; *Ingram v. State,* 137 Ga. App. 412 (224 SE2d 527).

On the question of ownership of the stolen property, alleged in the indictment to be in Sears, Roebuck & Co.,

the uncontradicted evidence was that a warehouse Leaseway Trailer No. R-144 was loaded at Terminal Freight Handling Co., a wholly owned subsidiary of Sears, in Atlanta with merchandise consigned to Sears, Roebuck, and business entries made on a Sears Line Haul Manifest from computerized printouts showing order number, receiving number, shipper, merchandise description, weight, charges, etc. After loading, the trailer was sealed and taken to a Sears Fashion Center in Tucker, less than an hour away, where it was placed with seal intact for unloading. The next day the trailer was missing and when located it was empty. This was sufficient to prove that the contents had been stolen. The bills showing consignments to Sears, and the leaving of the van on Sears property is sufficient to show ownership (rightful possession) in Sears although the merchandise had not actually been unloaded and carried inside. This evidence therefore establishes what the contents of the van were, that such contents were stolen, and that as against the defendant who claimed no interest in them, ownership was properly laid in the consignee.

2. However, to convict the defendant it must also be established that he had in his possession goods which were stolen, and that he knew or should have known them to be stolen. The latter element is established by proof that the house in which the goods were found was in the possession of the defendant and that, although it had the appearance of a private residence, it was in fact a storage place for thousands and thousands of items of new merchandise many on racks and hangers. But the state failed in proof of one essential element — that any of the merchandise found on the premises corresponded with the only group of merchandise alleged to have been stolen, that is, the contents of the burglarized van. The van contained 16 types of clothing from various shippers. No effort was made to identify any of it as being in the house except an item "739 assorted ladies smocks," which smocks were in fact found in the defendant's house. But the indictment, and also the proof of shipment, fail to show that any smocks were ever placed on the van. The manifest does show that order number 020650 on the Sears manifest comprised cotton pajamas. When the

defendant's house was searched there was found a carton label showing a shipment of order no. 20659 (lot no. 8555) from Berkowitz (alleged in the indictment to have shipped cotton pajamas on this order number) to Terminal Freight for Sears, Roebuck. This label or ticket apparently originated from Uniontown, Pa., and the identity of order numbers strongly suggests it has relation to the pajamas shipped by Berkowitz on the rifled van; however, no pajamas are claimed to have been found in the searched premises. An inventory of the merchandise found there and seized by the police is in evidence, and contains an item "8350 8355 ladies smocks." The only witness who endeavored to testify as to the meaning of these numbers was stopped by objection, and the court ruled that anything he testified to in this regard could not be considered for purposes of identification but only to explain his conduct, and thereafter no significant facts developed. Whether the number 8550 was actually found on the smocks, and if it was there, whether it was put there by the witness, is in doubt. Its meaning is also in doubt. It does not constitute proof that the "ladies smocks" were in fact the "cotton pajamas" ordered. It follows that the state failed to prove that any merchandise taken from the burglarized van was in fact found on the defendant's premises. For this reason alone, the proof falls short of the minimum necessary to sustain a conviction for receiving stolen goods, knowing them to have been stolen.

*Judgment reversed. Quillian and Webb, JJ., concur.*

Submitted July 15, 1976 — Decided September 8, 1976.

*Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour, Horace T. Clary,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.