A98A2328, A98A2329, A98A2330. JOHNSON v. THE STATE
(three cases).
(511 SE2d 921)

MCMURRAY, Presiding Judge.

Defendants Christopher Johnson, Roderick Johnson and Constant Bernard Johnson were jointly tried before a jury and convicted of armed robbery (Count 1), theft by receiving a stolen automobile (Count 2), theft by receiving a stolen handgun (Count 3), and possession of a firearm during the commission of a felony (Count 4). Defendant Constant Bernard Johnson was also convicted of fleeing and attempting to elude a police officer (Count 5) which is not part of his separate appeal.

The evidence adduced at trial reveals that defendants robbed the victim at gunpoint and fled in a car just as a bystander appeared on the scene. Law enforcement officers spotted and pursued the defendants within minutes after the armed robbery and arrested defendants Roderick Johnson and Christopher Johnson after their getaway car crashed during a high-speed chase. Defendant Constant Bernard Johnson escaped the crash scene, but was arrested two days later. Officers found a handgun in an area where items were tossed from the getaway car during the high-speed chase.

Defendants filed separate appeals after the denial of their respective motions for new trial. We consolidate and resolve these appeals in one opinion because defendants assert the same enumerations of error.[1] *Held*:

1. Defendants challenge their convictions for theft by receiving a stolen vehicle, citing *Curtis v. State*, 190 Ga. App. 173 (378 SE2d 516), to support arguments that the State failed to prove the getaway car was a stolen vehicle.

This Court reversed a conviction for theft by receiving stolen property in *Curtis* because the State did not prove that the car which was the subject of the offense was a stolen vehicle. The facts in the case sub judice are different. Although the owner of the defendants' getaway car did not testify, defendants Roderick Johnson and Constant Bernard Johnson admitted to a law enforcement officer that the getaway car had been stolen. These admissions, evidence that the getaway car's steering column was "busted" in such a way as to indicate to an investigating law enforcement officer that the vehicle had been stolen and proof that defendants used the getaway car during an armed robbery and then abandoned the car after a high-speed chase is sufficient to authorize the jury's finding that defendants are guilty, beyond a reasonable doubt, of theft by receiving a stolen vehicle as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hurston v. State*, 202 Ga. App. 311 (1) (414 SE2d 303).

2. Defendants next challenge their convictions for theft by receiving a stolen handgun, arguing that the State failed to prove that the gun that was allegedly tossed from the defendants' getaway car ("State's Exhibit 4") was a stolen handgun. We agree.

Defendants were charged with theft by receiving Sharon Dunn's stolen ".380 caliber Lorcin handgun. . . ." Although Dunn testified at trial that State's Exhibit 4 was a handgun that was stolen from her car about two years before commission of the charged offenses, she admitted on cross-examination that there were no distinguishing marks, characteristics, or numbers identifying State's Exhibit 4 as her weapon. Dunn also admitted that she had not seen her handgun for about two years; that State's Exhibit 4 looked like any other handgun of the same make and model and that she never matched State's Exhibit 4's serial number to her handgun's serial number. Dunn explained that she was able to identify State's Exhibit 4 as her handgun because she reported the theft of her gun when it was stolen and "they said the serial number matched the gun I reported sto-

---

[1] Defendant Christopher Johnson appeals in Case No. A98A2328; defendant Roderick Johnson appeals in Case No. A98A2329, and defendant Constant Bernard Johnson appeals in Case No. A98A2330.

len." Since the State did not call a witness to affirm this out-of-court declaration, it appears Dunn's identification of State's Exhibit 4 as a stolen handgun was based solely upon nonprobative hearsay statements. *Duke v. State*, 205 Ga. 106, 110 (52 SE2d 455); *Curtis v. State*, 190 Ga. App. 173, 174 (2), 175, supra. Finding no other evidence which would authorize a finding that State's Exhibit 4 was a stolen handgun, we are compelled to reverse defendants' judgments of conviction and sentences under Count 3 of the indictment for theft by receiving a stolen handgun. There must be proof of a larcenous taking to authorize a conviction for theft by receiving stolen property. OCGA § 16-8-7 (a). " '(I)f the goods found in the possession of the defendant are not shown to be that which has in fact been stolen, proof of larcenous taking is absent.' *Causey v. State*, 139 Ga. App. 499 (1) (229 SE2d 1) (1976). Cf. *Ladson v. State*, 248 Ga. 470 (3) (285 SE2d 508) (1981)." *Curtis v. State*, 190 Ga. App. 173, 174 (2), supra.

3. Defendants contend the trial court erred in granting the jury's request to rehear an investigating officer's testimony while, at the same time, denying the jury's request to rehear the armed robbery victim's testimony. Defendants contend this procedure violated their state and federal due process rights by emphasizing the investigating officer's testimony.

" ' "A trial judge may, in his discretion, on request from the jury, recall a witness and allow him to restate what he swore when he was previously on the stand, or he may require the official court stenographer to read the testimony of a witness. (Cits.)" ' *Person v. State*, 235 Ga. 814, 816 (221 SE2d 587) (1976). The court may also, in its discretion, refuse such a request. *Compton v. State*, 179 Ga. 560 (176 SE 764) (1934); *Hill v. State*, 114 Ga. App. 527 (151 SE2d 818) (1966)." *Byrd v. State* 237 Ga. 781, 782 (1) (229 SE2d 631).

Absent a showing in the cases sub judice that the armed robbery victim's testimony was contrary or inconsistent with the investigating officer's reread testimony, we find no abuse in the trial court's discretion in granting the jury's request to rehear the investigating officer's trial testimony and denying the jury's request to rehear the armed robbery victim's testimony.

*Judgments affirmed in part and reversed in part. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 9, 1999.

*Cummins & Kneidel, D. Scott Cummins*, for appellant (case no. A98A2328).

*Fanning & Hudson, Steven E. Fanning*, for appellant (case no. A98A2329).

*Stemberger & Associates, William J. Stemberger, Jr.*, for appellant (case no. A98A2330).

*Peter J. Skandalakis, District Attorney, Brian D. Lewis, Assistant District Attorney*, for appellee.