A10A1111. CHENEY v. THE STATE.
(703 SE2d 664)

BARNES, Presiding Judge.

Donnie Sanders Cheney appeals his conviction of one count of theft by receiving, arguing that the State failed to prove the identity of the item's owner, failed to prove the item was stolen, and failed to prove he ever possessed it. For the reasons that follow, we affirm.

Cheney was indicted on 15 counts of theft by receiving various pieces of heavy equipment that were discovered on his property or at his friend's racetrack, including a dump truck, trailers, and logging equipment. At trial, Cheney's employee Donnie Walker, who lived in a trailer on Cheney's 700-acre farm, admitted stealing the equipment over a period of several years and placing it in Cheney's

---

equipment repair shop or elsewhere on his property. He explained that he thought he might go into business for himself one day and use the stolen goods, but most of the equipment had been sitting for so long that trees had grown up through it. Walker initially told Cheney that a friend of his needed to store some equipment until he became "straight" with the IRS, and Cheney said that was fine as long as it was not stolen. After that Walker kept bringing in more stolen equipment and leaving it on Cheney's property, which was messy and already contained numerous pieces of equipment belonging to Cheney and his neighbors. He took the equipment from the side of the road, from job sites, and from farmers' fields. He stopped stealing when he thought he had enough, and simply left it all on Cheney's property instead of selling or using it. He pled guilty to one count of theft by receiving stolen property, specifically a "Lowboy trailer."

A witness testified that he owned a grading company and had previously employed Walker in November 2004 at a site in Milledgeville. In response to the State's question whether the witness had been using a trench packer that looked like the one pictured in State's Exhibit 3, the witness replied, "I don't know what it looked like. I had one rented, but never looked at it." He had rented the tool from Nef Tool Rental, which failed to pick it up when it was supposed to and when it finally came to get it the tool was gone.

Walker identified the trench packer pictured on State's Exhibit 3 as one he had taken from Milledgeville, loaded onto his pickup truck, and spray-painted to hide the owner's name. He took it to Cheney's shop and thought it had remained there. Walker first testified he did not know any more if the packer had been taken to the Alabama racetrack, but later testified he thought they had used it once at the track. He also testified that the packer, a loader, and a truck sat on Cheney's property for four years, and Cheney finally asked him if the owner was going to want it back. Walker told him not to worry about it, and encouraged him to use the equipment. None of the items had tags or registration papers and thus could not be operated on public roads, so Cheney took them to his friend's racetrack in Alabama and used them there.

The sheriff identified State's Exhibit 3 as a picture of the trench packer named in Count 3, describing it as having blue spray paint covering the owner's name. A sheriff's deputy testified that Walker admitted he had stolen from Milledgeville the trench packer depicted in State's Exhibit 3 and had taken it to Cheney's property. The deputy located the equipment at the Alabama racetrack, where it was being used.

The State argued that Cheney knew or should have known the equipment on his property was stolen, because the ownership

information had been defaced. Additionally, some of the equipment was worth a great deal of money, and the State argued that Walker's explanation about his friend with IRS difficulties was not credible.

The trial court granted a directed verdict on four of the fifteen counts because the statute of limitation had run or because the State was unable to introduce evidence that the property had been stolen. The jury considered the remaining eleven counts and convicted Cheney only of Count 3, which accused him of receiving "a Ram Max Trench Compactor, the property of Choate Construction, with a value of more than five hundred dollars ($500.00) which he knew or should have known was stolen."

Cheney contends the evidence was insufficient to sustain his conviction because the State failed to prove the identity of the trench packer's owner, failed to prove the item was actually stolen, and failed to prove he ever "possessed" it.

OCGA § 16-8-7 (a) provides that "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . . 'Receiving' means acquiring possession or control or lending on the security of the property."

First, the identity of the owner is not a material element of the crime of theft by receiving. The State need only show that the stolen property belonged to someone other than the defendant. *Brandeburg v. State*, 292 Ga. App. 191, 193 (1) (663 SE2d 844) (2008) (defining "property of another" in theft by taking case); see also *Causey v. State*, 139 Ga. App. 499, 500 (1) (229 SE2d 1) (1976).

Second, the State presented sufficient evidence for a reasonable factfinder to conclude that the trench packer identified in Count 3 of the indictment and depicted in State's Exhibit 3 was stolen. At trial, Walker identified the trench packer in the photograph introduced as State's Exhibit 3 as the tool he stole from a job site in Milledgeville and left at Cheney's shop. Compare *Causey*, supra, 139 Ga. App. at 501 (2) (State failed to establish that clothing stolen from van was same clothing found in defendant's house).

Finally, the State presented some evidence that Cheney possessed the trench packer. The deputy testified that Walker admitted stealing the trench compactor and it was found on Cheney's property. This evidence, along with Walker's testimony that he left the equipment at Cheney's shop, is sufficient to allow a rational trier of fact to find that Cheney possessed the stolen trench compactor and was guilty beyond a reasonable doubt of this count of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Causey*, supra, 139 Ga. App. at 500 (1).

Accordingly, the evidence was sufficient to sustain Cheney's conviction on one count of theft by receiving stolen property.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.**

DECIDED OCTOBER 5, 2010 —
RECONSIDERATION DENIED NOVEMBER 24, 2010.

*Perry & Walters, George P. Donaldson III, Misty G. Haskins*, for appellant.

*Joseph K. Mulholland, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.