## A91A1039. WILLIS v. THE STATE.
### (410 SE2d 827)

SOGNIER, Chief Judge.

Durwood Flurry Willis III was indicted on three counts of child molestation. The trial court granted his motion to sever the three counts for trial. The jury found Willis guilty of count three, and he appeals.

1. Appellant enumerates the general grounds. At trial, the State adduced evidence that the seven-year-old victim and her family were attending a fish fry held by appellant at his place of business. Clarence King testified that he saw appellant holding the victim's hand behind a store next to appellant's business; that the victim was tugging at her pants and was shaking; and that the victim caught his hand as soon as she came near him. Pursuant to the Child Hearsay Statute, OCGA § 24-3-16, the victim's mother testified that when she left the fish fry to buy beer the victim was playing pinball with appellant, and that upon her return, the victim, who was pale and shaking, came running to her while holding King's hand and trying to fasten her unzipped pants. The victim told her mother that appellant had put his hands on her vagina and breasts. The victim then began screaming and crying in fear, due to threats appellant had made that he would kill her and her family if she told about the molestation. A police sergeant and the nurse who examined the victim both testified that the victim had stated that appellant had unzipped her pants and put his finger "inside of her." On cross-examination the nurse testified that the doctor who examined the victim found some redness and irritation around the victim's genitals.

We find there was sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Boynton v. State*, 197 Ga. App. 149, 151 (2) (397 SE2d 615) (1990).

2. Appellant enumerates as error the admission as a similar crime or transaction of testimony by Julia Rhodus that appellant had molested her 11 years earlier. Rhodus testified that appellant was her stepfather from 1976 to 1989; that he forced her to submit to almost daily sexual intercourse for a nine month period in 1979-1980, when she was 10 to 11 years old, until she went to live with her father; and that appellant threatened to kill her, her mother, and her brother if she told anyone about the molestation.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct outweighs its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent

crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." (Citations and punctuation omitted.) *Leonard v. State*, 197 Ga. App. 221, 223 (2) (398 SE2d 250) (1990). Rhodus' testimony that appellant was the person who molested her satisfied the first condition. As to the second condition, "[t]he sexual abuse of young children, regardless of the . . . type of acts (or other conduct) perpetrated upon them, is of sufficient similarity to make the evidence admissible. Moreover, the exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." (Citations and punctuation omitted.) *Boynton*, supra at 150 (1). Mere lapse of time between the commission of any prior similar crimes and the commission of offenses currently at trial does not render the evidence automatically inadmissible. *Leonard*, supra at 223 (2). We find no error in the admission of this testimony. See *Cox v. State*, 173 Ga. App. 422-423 (1) (326 SE2d 796) (1985).

3. Appellant contends the trial court erred by denying his motion for a mistrial based on a response by Rhodus to a question posed to her by defense counsel on cross-examination. Defense counsel stated, "[y]ou [Rhodus] further mentioned [on direct] that you didn't want what happened to you to happen to anybody else. That to me indicates that you might know something about this case. Do you know anything about this case?" Rhodus responded, "I know that he is on charges of molestation of other children." Following this answer and appellant's motion for mistrial, the trial court stated it would give whatever curative instructions appellant wanted, but no instructions were given because defense counsel indicated appellant would continue with his motion anyway and because the trial court did not want to impress the matter on the jury.

A review of the trial transcript thus establishes that the answer at issue was elicited by defense counsel's question to the witness. "Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. [Cit.] Furthermore, the decision of whether to grant a mistrial is within the sound discretion of the trial court and [its] ruling will not be disturbed absent an abuse of discretion. [Cit.]" *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538) (1984). Under these circumstances we find no abuse of discretion. The trial court did not err by denying appellant's motion for a mistrial.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Donald E. Strickland*, for appellant.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.