## S97A1067. SIMS v. THE STATE.
(489 SE2d 809)

FLETCHER, Presiding Justice.

Dewey Anthony Sims was convicted of malice murder and two firearm possession charges in connection with the shooting death of Shelley Griffin, Jr.[1] Sims argues that the trial court should have granted a mistrial when a police officer testified that a probation officer arrested Sims at the probation office. Because the trial court did not abuse its discretion in denying the motion for a mistrial, we affirm.

1. The evidence presented at trial shows that police executed a search warrant at Griffin's home on January 26, 1996. Griffin was angry about the search and that night accused Sims' brother and co-defendant Leroy of being a snitch for sending police to his house. Griffin was still on the street complaining about the police search and "letting off steam" when Dewey Sims drove up. Dewey Sims, Leroy Sims, and co-defendant Terry Tolbert walked quickly towards Griffin carrying guns. As they approached, Griffin moved to the steps of a house and gave his gun to Milton Parham who ran into the house. Dewey Sims walked to the side of Griffin, pointed a gun at his face, and shot him. Testifying in his own defense, Dewey Sims said that he heard Griffin ask for his gun and "as he reached around for his pistol, I shot him." Other witnesses testified that Parham had Griffin's gun in his pocket, Parham was inside the house when the shot was heard, and no gun was found on Griffin's body. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found

---

[1] The crimes were committed on January 26, 1996, and a grand jury indicted Sims on March 19, 1996. A jury found Sims guilty on November 21, 1996, of malice murder, felony murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On November 27, 1996, the trial court sentenced Sims to life imprisonment on the malice murder count and five years each on the possession charges. Sims filed a motion for a new trial on December 11, 1996. The trial court denied the motion on March 6, 1997, and Sims filed a notice of appeal on March 14, 1997. The case was docketed on April 2, 1997, and argued on June 23, 1997.

Sims guilty of the crimes charged.[2]

2. Sims contends that the trial court should have granted a mistrial based on improper testimony that placed his character in evidence. During direct examination, the prosecutor asked a police investigator: "Were the subjects in this case ever arrested by you or do you know how they came to be arrested on this matter?" The officer responded: "Yes, I do. Mr. Sims was arrested at the probation office when he came in there by his probation officer and that he — on an unrelated incident, and Mr. —." The defendant moved for a mistrial, which was denied, and the trial court gave a curative instruction telling the jury to disregard the fact that Dewey Sims was at the probation office and to not assume that he had a criminal record or was on probation.

Whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge.[3] In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's action in dealing with the impropriety.[4] We have previously held that curative instructions were an adequate remedy when witnesses improperly placed the defendant's character into evidence by testifying about his prior convictions or criminal acts.[5] In this case, the officer's reference to probation appears to be inadvertent and the trial judge promptly instructed the jury to disregard the testimony and any assumptions that it raised. Under these circumstances, we conclude that the trial court did not abuse its discretion in deciding to give a curative instruction to the jury rather than grant a mistrial.[6]

3. Having considered the argument concerning the sequence of the jury instructions, we conclude that no error occurred. Unlike the jury charge in *Edge v. State*,[7] the trial court did not instruct the jury to consider voluntary manslaughter only if it found the defendant not guilty of malice murder or felony murder. Moreover, the jury implicitly found that Sims committed the homicide without sufficient provocation when it returned a verdict finding him guilty of malice murder.[8]

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982).

[4] *Sabel v. State*, 250 Ga. 640, 644 (300 SE2d 663) (1983).

[5] See *White v. State*, 267 Ga. 523, 524 (481 SE2d 804) (1997) (police officer referred to photographs of defendant as "mug shots"); *Guess v. State*, 264 Ga. 335, 337 (443 SE2d 477) (1994) (witness stated that a police officer showed her the defendant's "police record"); *Beach v. State*, 258 Ga. 700, 701 (373 SE2d 210) (1988) (witness referred to defendant's prior convictions).

[6] See *Williams v. State*, 262 Ga. 422, 423 (420 SE2d 301) (1992).

[7] 261 Ga. 865 (414 SE2d 463) (1992).

[8] See *McGill v. State*, 263 Ga. 81, 83 (428 SE2d 341) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Garrett & Gilliard, Kirk E. Gilliard,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.