A98A2304. BURNS v. THE STATE.
(510 SE2d 865)

BLACKBURN, Judge.

Following a jury trial, Phillip Burns appeals his convictions for trafficking in cocaine and possession of marijuana with intent to dis-

tribute, contending: (1) that the trial court erred in denying his motion to suppress evidence of illegal drugs found pursuant to his stop at a roadblock; (2) that the trial court erred by denying his motion for a directed verdict of acquittal with regard to the charge of possession of marijuana with the intent to distribute; and (3) that the trial court erred in denying his motion for a mistrial after the jury heard testimony which placed the character of one of his co-defendants into evidence. For the reasons set forth below, we affirm.

1. "When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them." (Citations omitted.) *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

At approximately 3:00 a.m. on February 20, 1997, Officers Daniel Stone and Mitch Parker stopped a van at a roadblock they had set up in Decatur County. The van was being driven by one of Burns' co-defendants, Gurry Douglas. Douglas was placed under arrest for driving without a license. Noticing alcohol in the vehicle, Officers Stone and Parker asked the passengers, Burns, Charos Miller, and Stanley Carr, to step out of the van. As Burns did so, he dropped a clear plastic bag containing cocaine, grabbed it back, and fled the scene. Officer Stone pursued Burns and knocked him to the ground. Lying on his stomach with his arms beneath him, Burns attempted to bury and disperse the cocaine he was carrying into the dirt. After a struggle, Burns was subdued, and the cocaine was collected. A later search of the vehicle also revealed approximately 1.1 grams of marijuana.

In his motion to suppress, Burns contended that the roadblock was constitutionally improper and that the drug evidence seized as a result of the roadblock should be excluded from evidence. We disagree.

"As there is no question that state troopers are authorized to enforce laws on use, ownership, control, licensing, and registration of motor vehicles and using roadblocks for such purposes [is] reasonable and acceptable, the only issue in this appeal is whether the trial court correctly decided that the evidence established that this roadblock was authorized and that [the van in which defendant was a passenger] was not singled out to stop." (Citation omitted.) *Mims v. State*, 201 Ga. App. 277, 280 (410 SE2d 824) (1991).

"In [*State v. Golden*], 171 Ga. App. 27 (318 SE2d 693) (1984) and *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) (1989), we

addressed several factors in determining whether the roadblocks which were there in issue were reasonable and constitutional. However, neither *Evans* nor *Golden* establishes absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this Court looked at the totality of the circumstances surrounding the roadblock to decide whether the factors in *Golden* were satisfied. . . . Our Supreme Court, relying on *Golden*, has held that where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint, and the screening officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication, a roadblock is satisfactory and is within the constitutional confines of a routine motorist roadblock. *LaFontaine v. State*, 269 Ga. 251, 253 (497 SE2d 367) (1998)." (Punctuation omitted.) *Heimlich v. State*, 231 Ga. App. 662, 663-664 (500 SE2d 388) (1998). See also *Brent v. State*, 270 Ga. 160 (510 SE2d 14) (1998).

At the motion to suppress hearing, there was evidence that all vehicles passing through the roadblock were stopped, the resulting delay to motorists was minimal, the roadblock was well identified, and the screening officer was qualified. Furthermore, Officer Stone testified that, for purposes of setting up roadblocks, he was acting as the shift supervisor on the night in question, although another officer, Sergeant Biggles, was "the supervisor of the entire shift." As such, we cannot say that the trial court's determination that the *LaFontaine* criteria were met was clearly erroneous. Burns' "arrest was not the result of a State trooper's whimsical decision to stop only his vehicle or an arbitrary scheme to single him out." *LaFontaine*, supra at 253 (3).

2. Burns contends that the trial court erred by denying his motion for a directed verdict of acquittal with regard to the charge of possession of marijuana with intent to distribute. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Burns] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. . . . The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the

overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations and punctuation omitted.) *Lester v. State,* 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

During trial, Douglas testified that he believed that Burns owned the marijuana found in the van and that, prior to being stopped, Burns passed a marijuana cigar to others in the van. Challenging his conviction, Burns argues that there was insufficient evidence presented to corroborate this testimony of his co-defendant. The evidence showed, however, that both Douglas and Miller tested positive for marijuana use, that the marijuana was discovered in a console next to the seat where Burns had been sitting, and that Deputy Stone saw Burns hiding something before he exited the van. This evidence was sufficient to corroborate Douglas' testimony that the marijuana belonged to Burns and that he was distributing it to others in the van. See, e.g., *Stephenson v. State,* 220 Ga. App. 95, 96-97 (3) (469 SE2d 266) (1996).

3. Burns contends that the trial court erred by failing to grant his motion for a mistrial after a testifying officer improperly placed Miller's character into evidence. During his cross-examination, Officer Parker inappropriately testified that Miller had told him that he had previously been arrested for armed robbery at the time of the stop. Both Miller and Burns moved for a mistrial, contending that the introduction of this character evidence was prejudicial. The court denied the motions for a mistrial, and, instead, it immediately instructed the jury not to give any consideration to Officer Parker's inappropriate response.

"Whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge. In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's action[s] in dealing with the impropriety. We have previously held that curative instructions were an adequate remedy when witnesses improperly placed the defendant's character into evidence by testifying about his prior convictions or criminal acts." (Footnotes omitted.) *Sims v. State,* 268 Ga. 381 (2) (489 SE2d 809) (1997). In this case, the trial court's curative instructions were an adequate remedy.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 7, 1999.

*Kenneth W. Musgrove, Mark T. Phillips,* for appellant.

*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.