## A99A1356. MARTIN v. THE STATE.
(525 SE2d 728)

PHIPPS, Judge.

Alphonso Martin was convicted by a jury of armed robbery. On appeal, Martin contends the trial court abused its discretion by (1) denying his motion for mistrial, which was made in response to testimony that improperly placed his character into evidence, and (2) replaying the victim's entire testimony for the jury during its deliberations. Based on the overwhelming evidence of Martin's guilt and the judge's curative instructions following the improper testimony, we find that the trial court did not abuse its discretion by denying Martin's motion for mistrial. The trial court's decision to allow the jury to rehear the victim's testimony was also within its discretion. For these reasons, we find no error, and we affirm.

On the morning of May 29, 1998, Edwina Sumpter was working alone at Ace Check Cashing. She saw Martin standing outside the store, assumed he was a customer, and unlocked the door to let him in. Once inside the store, Martin held a gun to Sumpter's back, told her he was robbing the store, and told her not to look at him. When Sumpter looked at him, Martin pulled a stocking cap down over his face.

Sumpter gave Martin about $3,500 from the cash register. When Martin asked her to open the safe, she told him to stand in front of it. When he did, Sumpter was able to exit the store. She ran down the street, yelling that she was being robbed. Moments later, Martin exited the same door and ran down the street.

John Smith, a mechanic working next door, saw and heard Sumpter and saw Martin running down the street. Smith chased Martin until he crossed the street; then another civilian entered the chase.

Immediately after the robbery, Detective D. A. Dickerson was driving through the area and saw Sumpter running down the street screaming and pointing at Martin, who was running away from her. Dickerson arrested Martin with the help of Officer Berry. When Martin was arrested, he was carrying a bag containing a gun and a large amount of cash.

According to Officer Berry, Sumpter identified Martin at the scene. At trial, Sumpter identified Martin and testified that the gun taken from Martin was the one he held to her back during the robbery. Officer Berry confirmed that the same gun was taken from Martin shortly after his arrest.

After his arrest, Martin was taken to DeKalb County Police headquarters. After being advised of his *Miranda* rights, he was interviewed by Detective Redlinger. Martin confessed to robbing the Ace Check Cashing store and admitted that he had a gun during the

robbery. His post-arrest statement was replayed to the jury during Detective Redlinger's trial testimony.

1. Martin contends the trial court should have declared a mistrial when Detective Redlinger improperly placed his character into evidence. The testimony at issue was Redlinger's response to a question from Martin's trial counsel about Martin's taped post-arrest statement:

> MARTIN'S COUNSEL: What was talked about before the tape turned on . . . ?
> REDLINGER: More than likely I went in and, of course, introduced myself. I described the situation to him as far as what we had, what the victim said, what witnesses said, asked him if he would like to speak to us about the situation, and these are things he needs to think about when he makes his decision on whether he wanted to talk to us or not. And I also mentioned that I was familiar with his criminal history.

At that point, Martin's counsel objected, and the judge sustained the objection. Martin's counsel moved for a mistrial, but the judge denied his motion.

Next, Martin's counsel asked for a curative instruction. The judge agreed and instructed the jury that, "whether this defendant does or doesn't have any prior criminal history has absolutely nothing to do with this case. I don't understand why this detective made this statement. It was just completely uncalled for. It has nothing to do with the case." In the presence of the jury, the judge sternly admonished the detective for his improper statement.

Martin contends the judge's actions were not sufficient to undo what Redlinger had done and that he was denied the right to a fair trial. We agree that Redlinger's testimony about Martin's prior criminal history was improper and unnecessary. But the decision whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge.[1]

To determine if the trial judge abused his discretion by denying Martin's motion for mistrial, we must review more than the statement itself. We should also consider the other evidence in the case and the court's and counsel's action in dealing with the impropriety.[2] The evidence against Martin included testimony by the victim that he committed the crime, corroborating testimony by a detective and others regarding his flight from the scene, and his own confession.

---

[1] *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997).

[2] Id.; *Sabel v. State*, 250 Ga. 640, 643 (5) (300 SE2d 663) (1983), overruled on other grounds, *Massey v. Meadows*, 253 Ga. 389, 390 (321 SE2d 703) (1984).

The presence of strong evidence of Martin's guilt lessens the prejudicial impact of Redlinger's statement.[3]

We also look at the trial court's response to the improper testimony. In *Sims*, the Supreme Court of Georgia recognized that curative instructions are an adequate remedy where the defendant's character is improperly placed in evidence by reference to a prior conviction or criminal activity. The trial judge not only gave prompt curative instructions, but also reprimanded the detective in the presence of the jury for his improper behavior.

Although we do not condone what has become a far too frequent practice when a law enforcement officer takes the stand — an improper reference to a defendant's prior criminal history — we do not find that these particular circumstances warrant a reversal of Martin's conviction. Based on the overwhelming evidence of Martin's guilt and the trial court's prompt and stern response to Redlinger's improper testimony, we hold that the trial court did not abuse its discretion by denying Martin's motion for mistrial.

2. Martin claims the trial court abused its discretion by allowing the jury to rehear Sumpter's testimony in its entirety during its deliberations. By replaying all of Sumpter's testimony instead of those portions specifically requested by the jury, Martin claims that Sumpter's testimony was unduly emphasized and he was denied a fair trial.

During its deliberations, the jury requested to rehear Sumpter's testimony "about where she heard something or she felt something in her back." The judge instructed the court reporter to replay her entire testimony, explaining to the jury that he could not emphasize certain parts of it but instead wanted them to hear all of the testimony in context. Martin's counsel objected to the judge's decision to replay her entire testimony.

We have previously upheld a trial judge's right to permit the jury to rehear only the testimony of one witness they requested and to allow the jury to rehear only part of the testimony of a witness, despite defense counsel's request that the entire testimony be replayed.[4] "It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations."[5] The trial judge also has dis-

---

[3] See *Gibson v. State*, 233 Ga. App. 838, 840-841 (3) (505 SE2d 63) (1998) ("[i]n light of the overwhelming nature and sheer volume of the evidence against Gibson, it is extremely doubtful that a single reference to Gibson's desire to avoid going back to jail would have materially influenced the jury's decision").

[4] *Johnson v. State*, 236 Ga. App. 356, 358 (3) (511 SE2d 921) (1999); *Guthrie v. State*, 147 Ga. App. 351, 357 (13) (248 SE2d 714) (1978).

[5] *Byrd v. State*, 237 Ga. 781, 782 (229 SE2d 631) (1976).

cretion to allow the jury to review other evidence relating to the same factual issue to avoid placing undue emphasis on the evidence requested.[6]

To demonstrate an abuse of the judge's discretion, Martin must show that "special circumstances which might work an injustice were present."[7] We find that no such circumstances were present here.[8] As a result, we hold that the trial court did not abuse its discretion in replaying Sumpter's entire testimony.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED NOVEMBER 18, 1999.

*Maryann F. Blend,* for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Maria Murcier-Ashley, Assistant District Attorneys,* for appellee.

---

[6] Id. at 783.

[7] (Punctuation omitted.) *Sexton v. State,* 189 Ga. App. 12, 13 (3) (374 SE2d 824) (1988).

[8] See id. ("[t]he fact that the jury reheard the entire testimony of the victim and the appellant did not constitute a special circumstance that might work an injustice").