## A00A0698. THE STATE v. WATSON.
### (536 SE2d 170)

Pope, Presiding Judge.

Elisa James Watson was charged with armed robbery, criminal attempt to commit armed robbery, kidnapping, and aggravated assault with attempt to rob. Watson represented himself pro se at the preliminary hearing in his case. He later hired counsel and moved to exclude the testimony he had given at the preliminary hearing. Watson argued that his testimony was not admissible because he had not been adequately informed of his rights and had not waived his right to counsel. The trial court granted Watson's motion in limine, and the state appeals. We affirm.

"[A]ny statement which [a] defendant [makes] during the course of his self-representation stem[s] from his decision to represent himself." *Gray v. State*, 204 Ga. App. 33, 35 (5) (418 SE2d 412) (1992). See also *Callahan v. State*, 175 Ga. App. 303, 304-305 (333 SE2d 179) (1985). Thus, to determine whether Watson's testimony at the preliminary hearing was voluntary, we must determine whether he voluntarily chose to represent himself at that hearing. Id.

Given the nature of the charges against him, Watson was entitled to be represented by counsel at his preliminary hearing. See *Heard v. State*, 236 Ga. App. 625, 626 (513 SE2d 35) (1999); *Houston v. State*, 187 Ga. App. 335, 339 (4) (370 SE2d 178) (1988). A defendant has the right to represent himself, however, if he makes a voluntary and intelligent waiver of his right to counsel. *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975).

Therefore, a trial court must insure that a defendant is adequately informed of his rights and the consequences of representing himself:

> To be valid the waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.

*McDowell v. State*, 239 Ga. App. 667, 669 (1) (522 SE2d 44) (1999). See also *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49) (1981). And although no "magic language" and no specific questions are required, the record must reflect that the defendant was "made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver." *Wayne v. State*, 269 Ga. 36, 38 (2) (495 SE2d 34) (1998).

The preliminary hearing in this case was not transcribed.

" 'When the record is silent, waiver is never presumed, and the burden is on the state to present evidence of a valid waiver.' " (Citations omitted.) *Braswell v. State*, 240 Ga. App. 510 (1) (523 SE2d 904) (1999). See also *Hamilton v. State*, 233 Ga. App. 463, 467 (1) (b) (504 SE2d 236) (1998). At the hearing on the motion in limine, the state presented the testimony of the magistrate and district attorney involved in the preliminary hearing, but neither witness had any specific recollection of what was said at Watson's hearing. And while they both testified as to the magistrate's general practice in advising pro se defendants, there was no evidence as to what the magistrate actually told Watson. Moreover, the magistrate stated that he did not as a standard practice discuss the nature of the charges or the potential punishments involved before proceeding with a pro se defendant.

Under these circumstances, we find the state has failed to meet its burden of showing that Watson made a knowing and intelligent waiver of his right to counsel, and the trial court correctly granted the motion in limine.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2000.

*Lydia J. Sartain, District Attorney, E. Paul Stanley, Assistant District Attorney*, for appellant.

*Whitmer & Law, George H. Law III*, for appellee.