## A01A1467. JONES v. THE STATE.
(554 SE2d 238)

MILLER, Judge.

Mary Jones was convicted of aggravated assault, possession of a firearm during the commission of a crime, and obstruction of an officer. On appeal Jones contends the trial court erred in excluding a defense witness and in denying her two motions for mistrial. Finding no error, we affirm.

The evidence showed that Jones argued with her nephew over the whereabouts of some fence posts that she claimed were on her property and moved without her permission. During the argument, Jones retrieved a rifle and pointed it at her nephew, who then called police. When police arrived, Jones yelled obscenities at them and retreated into her house. One of the officers grabbed Jones before she reached the back door. Jones struggled with the officers, attempting

---

[10] *Duffey v. State*, 232 Ga. App. 693 (498 SE2d 816) (1998).
[11] See *State v. Mendoza*, 190 Ga. App. 831, 832 (380 SE2d 357) (1989).

to hit and kick them as they held her down to put her in handcuffs.

1. At the start of trial, the court requested that Jones call all witnesses that were to testify on her behalf. The State objected to the first witness called, arguing that it did not receive proper notice that the defense planned to have the witness testify.[1] Jones's counsel countered that although he was previously aware of this witness and her whereabouts, he had not met her until one hour before trial. The trial court found that Jones acted in bad faith in failing to comply with the notice requirement for discovery, and that this act prejudiced the State's case. The court excluded the witness from testifying.

OCGA § 17-16-6 provides that if the defendant has failed to comply with discovery requirements,

> the court may order the defendant to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the defendant from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

Jones argues that the court did not follow this procedure in determining that the witness should be excluded. Contrary to Jones's assertion, the court is not required to consider any particular course of action in any particular order, but has discretion to take any listed corrective action it deems appropriate.

Jones's counsel claimed that he discovered this witness an hour before trial, but Jones failed to notify the State at that time and even proceeded to trial without notifying the State. Counsel did not disclose that he desired to call this witness until prompted by the court to call all of Jones's witnesses. Therefore, the court's finding that Jones acted in bad faith is supported by the evidence.[2]

The court was also required to make a finding of prejudice to the State. Here, the information provided was so late "as to prevent the State from adequately investigating the witness[ ], [her] testimony, and [her] criminal history."[3] Therefore, we hold that the trial court did not abuse its discretion in excluding this witness.

2. Jones argues that the court erred in denying her two motions for mistrial, each based on one of the State's witnesses allegedly placing her character in issue. The denial of a motion for mistrial is a

---

[1] Under OCGA § 17-16-8 (a), the defendant's attorney, within ten days after compliance by the prosecuting attorney but no later than five days prior to trial, shall provide opposing counsel with the names, locations, dates of birth, and telephone numbers of the defendant's witnesses.

[2] See *Sullivan v. State*, 242 Ga. App. 839, 841 (4) (531 SE2d 367) (2000).

[3] Id.

matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, we will not interfere with that discretion.[4]

(a) Jones moved for a mistrial when one of the State's witnesses referenced Jones's prior incarceration. The court denied Jones's motion for mistrial, gave a curative instruction cautioning the jury to disregard the statement, and resumed trial after Jones renewed her motion. Jones complains that this reference improperly placed her character into evidence.

In reviewing the trial court's decision, this court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's action in dealing with the impropriety.[5] The witness's reference to Jones's prior incarceration appears to be inadvertent.[6] Moreover, "[w]e have previously held that curative instructions were an adequate remedy when witnesses improperly placed the defendant's character into evidence by testifying about his prior convictions or criminal acts."[7] Thus, the curative instruction was an adequate remedy,[8] and the trial court did not abuse its discretion in denying Jones's motion for mistrial on this basis.

(b) Defense counsel asked one of the arresting officers, "The warrants you took out were for pointing a gun at another?" The officer responded, "No, sir, I took out a warrant for obstruction of a law enforcement officer, terroristic threats, pointing a gun at another, and convicted felon possession of a firearm."[9] Jones again moved for mistrial on the basis that the officer's reference to the "convicted felon possession of firearm" charge improperly placed her character in issue. The trial court found that defense counsel invited the answer, and that because the officer slowly listed each charge, counsel had ample opportunity to prevent the officer from including the possession charge. The question required the officer to explain what violations formed the basis for the warrants, rather than allowing him to respond with a simple yes or no.

"Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on

---

[4] *Gill v. State*, 229 Ga. App. 462 (1) (494 SE2d 259) (1997); see *Martin v. State*, 240 Ga. App. 901, 902 (1) (525 SE2d 728) (1999).

[5] *Sweeder v. State*, 246 Ga. App. 557, 561 (5) (541 SE2d 414) (2000); *Burns v. State*, 236 Ga. App. 3, 6 (3) (510 SE2d 865) (1999).

[6] See *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997); *Browning v. State*, 236 Ga. App. 893, 894 (2) (513 SE2d 779) (1999).

[7] (Citation and punctuation omitted.) *Burns*, supra, 236 Ga. App. at 6 (3).

[8] See id.

[9] Jones was also charged with possession of a firearm by a convicted felon, but this charge was nolle prossed and therefore not before the jury.

the basis of the answer."[10] Under these circumstances we find no abuse of discretion in the denial of Jones's motion for mistrial.[11]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 17, 2001.

*Jack E. Boone, Jr.*, for appellant.

*Daniel J. Craig, District Attorney, John M. Markwalter, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[10] (Citation and punctuation omitted.) *Willis v. State*, 201 Ga. App. 365, 366 (3) (410 SE2d 827) (1991); see *Sparks v. State*, 234 Ga. App. 11, 13 (2) (505 SE2d 555) (1998).

[11] See *Bohannon v. State*, 208 Ga. App. 576, 581 (3) (d) (431 SE2d 149) (1993); *Willis*, supra, 201 Ga. App. at 366 (3).