## A01A0977. BABB v. THE STATE.
### (556 SE2d 562)

POPE, Presiding Judge.

David Babb appeals following his conviction on two counts of battery and one count of simple battery. We affirm.

On July 29, 1999, Babb struck his sister Laura Babb across the face with the back of his hand. Her neighbor, Evelyn Burdette, and another friend testified that Laura Babb's face appeared red and puffy or swollen after the incident. Following Babb's conviction, the trial court merged the two battery counts for sentencing purposes. Babb was sentenced to serve two years on probation, to perform forty hours of community service within the first six months, and to attend an intensive domestic violence intervention program.

1. Babb complains that the trial court erred in failing to grant a mistrial after Laura Babb referred to his probation status in response to a question on cross-examination.

Babb's counsel made an oral motion in limine prior to trial seeking to exclude evidence of Babb's prior convictions. The counsel asked the trial court to instruct all the witnesses not to bring up Babb's criminal history. The trial court simply responded, "Okay," without elaboration. Although there is no other record of a ruling on the motion in limine prior to trial, the prosecutor later stated that he had instructed Laura Babb not to mention Babb's criminal history.

During Laura Babb's cross-examination, Babb's attorney asked whether it was true that Babb had visited his father about once a month. She replied that it was not true and started to explain by stating, "He was telling his probation officer he was coming to Atlanta, but he was. . . ." The trial court denied Babb's motion for mistrial and instructed the jury to disregard the testimony as it addressed matters "not in this case whatsoever."

It is in the trial court's discretion whether to grant a mistrial based on improper character evidence. *Sims v. State,* 268 Ga. 381, 382 (2) (489 SE2d 809) (1997). In considering whether the trial court properly denied the motion, we may consider "the nature of the statement, the other evidence in the case, and the court's and counsel's action in dealing with the impropriety." (Citation omitted.) *Sweeder v. State*, 246 Ga. App. 557, 561 (5) (541 SE2d 414) (2000). Here, Laura Babb's reference to Babb's probation officer was shortly followed by the trial court's curative instructions to disregard the question and answer. Our Supreme Court has held that curative instructions can be an adequate remedy when a witness improperly places a defendant's character into issue. *Sims*, 268 Ga. at 382 (2).

Therefore, considering the evidence introduced at trial, the nature of the character evidence complained of, and the remedial measures taken by the trial court, we find no abuse of discretion in

the denial of Babb's motion for mistrial. See *Sims*, 268 Ga. at 382 (2). (no mistrial warranted where reference to probation officer arresting defendant at probation office); *Brown v. State*, 268 Ga. 455, 456 (1) (490 SE2d 379) (1997) (same where reference to outstanding probation violation warrants).

2. Next, Babb argues that the trial court erred in failing to give curative instructions after a state's witness made reference to Babb's "history of violence." But because Babb's counsel failed to object on the record to this testimony at trial, any right of appeal on the issue is waived. *Trotter v. State*, 248 Ga. App. 156, 157-158 (2) (546 SE2d 286) (2001).

3. Babb also contends that the trial court erred in admitting evidence of past difficulties between Laura Babb and him without giving limiting instructions on the use of such evidence. But the trial court did give limiting instructions in its jury charge at the end of the trial. And where Babb's counsel neither objected nor requested contemporaneous limiting instructions, there was no error. See *Spearman v. State*, 267 Ga. 600, 601 (4) (481 SE2d 814) (1997); *Murphy v. State*, 270 Ga. 72, 73-74 (2) (b), n. 3 (508 SE2d 399) (1998).

Babb also contends that the evidence of prior difficulties with his sister was too remote in time and therefore its probative value was outweighed by its prejudicial effect. One incident occurred fourteen years before the altercation at issue, and the second occurred eleven years earlier. But "[a] lapse of 11 years between a prior difficulty and the crime charged does not necessarily render the evidence inadmissible as a matter of law. [Cits.]" *Simmons v. State*, 266 Ga. 223, 225 (2) (b) (466 SE2d 205) (1996). Similarly, the lapse of fourteen years cannot be considered too remote as a matter of law, especially as the testimony showed that the two had no contact for six of those intervening years. Instead, the lapse of time goes to the weight and credibility of the evidence not to its admissibility. Id.; *Emory v. State*, 260 Ga. 814, 815 (3) (b) (400 SE2d 625) (1991).

Babb also asserts that the trial court should have held a pre-trial hearing prior to admitting the evidence. But our Supreme Court has held that no pre-trial hearing or findings are necessary before evidence of prior difficulties between the defendant and the victim can be admitted at trial. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

4. Babb contends that the trial court erred in sentencing him on one count of simple battery under OCGA § 16-5-23 and one count of battery under OCGA § 16-5-23.1 as the evidence showed only one physical contact between his sister and him. He asserts that the charges should have merged as a matter of fact. We agree.

"The key question in determining whether a merger has occurred is whether the different offenses are proven with the same

facts. . . . However, if the same facts are used to prove the different offenses, the different crimes merge." (Citations, punctuation and footnote omitted.) *Robinson v. State*, 246 Ga. App. 576, 583-584 (8) (541 SE2d 660) (2000). Therefore, the dispositive issue is whether the state "used up" its evidence in proving one crime, leaving no further evidence to support a second crime. *Brown v. State*, 246 Ga. App. 60, 64 (1) (539 SE2d 545) (2000).

Babb was charged with two counts of battery and one count of simple battery. The two battery counts were pled in the alternative: Count 1 alleged "visible bodily harm," and Count 2 alleged "substantial physical harm." Count 3 alleged contact of an insulting or provoking nature to assert a charge of simple battery. The jury found Babb guilty on all three counts. The trial court properly merged the battery counts, Counts 1 and 2, for sentencing purposes, giving Babb a 12-month sentence. But Babb was sentenced to an additional 12-month sentence, to run consecutively, on the simple battery charge under Count 3.

The evidence here showed that Babb struck his sister once, leaving her face red and swollen. While that evidence may have been sufficient to support any one of the crimes charged, it is not sufficient to support more than one charge. Evidence of physical harm or contact is necessary to prove each of the crimes, and there was only one contact and one resulting harm. Accordingly, the three counts merge as a matter of fact, and the trial court erred in sentencing Babb on two counts. Therefore, we remand the case to the trial court for action consistent with this opinion. See generally *Etchinson v. State*, 245 Ga. App. 449, 451 (2) (538 SE2d 87) (2000).

5. Babb also contends that the evidence was insufficient to support the jury's verdict. We find that the evidence was sufficient to support a verdict of either battery, which requires a showing of substantial physical harm or visible bodily harm, or simple battery, which required intentional physical contact of an insulting or provoking nature. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Babb next asserts that he was denied his Sixth Amendment right to counsel at his motion for new trial. He asserts that the trial court failed to inquire and the state failed to prove that he knowingly and voluntarily waived his right to counsel at the hearing.

"A defendant may waive the right to counsel only by voluntary and knowing action." (Punctuation and footnote omitted.) *Ledford v. State*, 247 Ga. App. 885, 886-887 (545 SE2d 396) (2001). And while no particular questions are required, "the record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver." (Citation

and punctuation omitted.) *State v. Watson,* 244 Ga. App. 484 (536 SE2d 170) (2000).

Here, the record shows that Babb filed his motion pro se and appeared at the hearing without counsel. At the beginning of the hearing, the trial court merely confirmed that Babb had filed the motion himself and that he was going forward as his own counsel. There is no evidence of any other discussion or inquiry.

Nevertheless, "an appellate court, using the appropriate standard, may find in a particular case that error committed by the trial court was constitutionally harmless, without remanding the case for further proceedings." *State v. Hightower,* 236 Ga. 58, 61 (222 SE2d 333) (1976) (finding no constitutional harm from the denial of counsel at a commitment hearing). Here, the only harm asserted by Babb was that he was unable to effectively argue his ineffective assistance of counsel claims because he was unaware that he could subpoena his earlier counsel and establish an evidentiary record to support his claim. No harm is asserted as to the remainder of the grounds argued by Babb, and such claims do not rely upon the development of additional evidence.

Based upon our review of the record, we find that the state has failed to show that Babb knowingly and voluntarily waived his right to counsel at the new trial hearing and that as a result he was prejudiced in presenting his claim for ineffective assistance of counsel. Accordingly, we remand this case for a hearing on Babb's claim of ineffective assistance of counsel.

7. We have reviewed the remaining enumerations of error raised by Babb and find that they either were not properly preserved for appellate review or are without merit.

*Judgment affirmed in part, reversed in part and remanded with direction. Blackburn, C. J., and Mikell, J., concur.*

DECIDED NOVEMBER 19, 2001.

*Laila A. Washington,* for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Theresa S. Starkes, Assistant Solicitor-General,* for appellee.