A03A1753. JEWETT v. THE STATE.
(591 SE2d 459)

PHIPPS, Judge.

A jury found Herman Jewett guilty of burglary and giving a false name. He appeals, arguing that the trial court erred in admitting evidence of a statement he gave to a Georgia Bureau of Investigation (GBI) agent after his arrest, in admitting two witnesses' in-court identifications of him, and in failing to grant a mistrial after another witness improperly testified about his character. We find no error and affirm.

Viewed in the light most favorable to the verdict, the record shows that Jewett asked Alfonza Dunbar, Jr. to drive him from Columbus to Dawson. Although Jewett did not explain the reason for the trip, Dunbar testified that he knew "[Jewett] was going to burglarize." The men stopped in Parrott, where Dunbar parked on a residential street and Jewett exited the car and approached the home of Sally Loska.

Loska's daughter, Laura Parker, saw a "strange man" — whom she later identified as Jewett — "peering in my mother's back porch window." Jewett told her that he was looking for someone who needed her grass mowed and gave a name that neither Parker nor Loska, both long-time residents of Parrott, recognized. Jewett then walked to another house across the street, but fled to a nearby green car when he saw Parker watching him.

Parker called the police, then drove through Parrott looking for the green car. She found it parked near Betty Parmalee's house, with "the hood popped" and a man she later identified as Dunbar "acting like something was wrong with the car." Parker did not see Jewett. She recorded the car's tag number, then returned to Loska's house and called Parmalee. Parmalee noticed that her couch had been moved and was afraid, so Parker returned to her house and picked her up.

The police arrested Dunbar at the green car and began looking for Jewett. There was no one in Parmalee's house, but a screen door had been punched in, a table overturned, and an urn spilled. Parmalee's sweater and radio were found in woods behind her house. Later, the police found Jewett hiding in a nearby fertilizer bin and arrested him. When asked for his name, Jewett gave the police three different assumed names.

GBI Agent Patrick Barton interviewed Jewett, who said that Dunbar's car had begun "running hot" near Parrott. Jewett said that he had taken a bucket to several houses searching for water. Eventually, he filled the bucket using a hose at the side of a white house. As he was returning to the car, he saw a police officer and fled into the woods. He denied burglarizing Parmalee's house.

1. Jewett argues that the trial court erred by admitting into evidence his oral statement to Barton.

First, Jewett claims that the statement was inadmissible because it was not a "confession" within the meaning of OCGA § 24-3-50. That statute provides safeguards governing the admissibility of confessions by criminal defendants. It does not apply to statements that fall short of being confessions,[1] and it does not provide that such statements are inadmissible.

Second, Jewett argues that the statement was inadmissible hearsay. A criminal defendant's incriminating statement is admissible against him as the admission of a party-opponent under OCGA § 24-3-34.[2]

Third, Jewett contends that part of the statement should have been excluded because it implicated his character. Barton testified that Jewett said he had offered Dunbar money in exchange for a ride to Dawson, where two people owed him $400 "on a marijuana deal." But "[i]t is no valid ground of objection to the admission into evidence of an incriminating statement made by the accused in a criminal case that the language indicated that the accused had committed another offense."[3]

2. Jewett argues that two witnesses' in-court identifications of him as the burglar should have been excluded because those witnesses were present in the courtroom during voir dire. Jewett's brief does not cite any objection by defense counsel to the in-court identifications, and our review of the record discloses no objection. In the absence of any objection at trial, Jewett has failed to preserve this claim of error for appellate review.[4]

3. Next, Jewett argues that the trial court erred by denying his motion for mistrial based on improper testimony by Dunbar. During the prosecutor's direct examination of Dunbar, the following exchange occurred:

Q. When [Jewett] came down to your sister's house, did he ask you to do anything?

---

[1] See *Carruthers v. State*, 272 Ga. 306, 313 (5) (528 SE2d 217) (2000).

[2] *Stanford v. State*, 272 Ga. 267, 270 (4) (528 SE2d 246) (2000).

[3] (Citations and punctuation omitted.) *Byrd v. State*, 236 Ga. App. 485, 486 (2) (512 SE2d 372) (1999).

[4] See *Gilliam v. State*, 240 Ga. App. 158, 159 (1) (522 SE2d 766) (1999); *Zachery v. State*, 238 Ga. App. 191, 192 (2) (517 SE2d 71) (1999).

A. He asked me to drive him to Dawson.

Q. Did he say why he wanted you to drive him to Dawson?

A. No, sir, but I knew he was going to burglarize.

Q. You knew he was going to burglarize?

A. Yes.

Q. How did you know that?

A. Because he has told me he has done it before.

At that point, defense counsel moved for a mistrial. The trial court denied the motion, but instructed the jury to "disregard [Dunbar's] answer as to why [Dunbar] and the defendant were coming to Dawson."

Whether to grant a mistrial based on improper character evidence is within the trial court's discretion.[5] Because the court promptly gave the jury a curative instruction after Dunbar's reference to unspecified prior burglaries by Jewett, we find no abuse of discretion in the denial of Jewett's motion for mistrial.[6]

4. Jewett also claims that the trial court erred in charging the jury and that he received ineffective assistance of counsel. His brief, however, fails to support these claims of error with meaningful argument or citation to authority. Therefore, these claims are deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).[7]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 5, 2003.

*Ralph L. Phillips*, for appellant.

*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.

---

[5] *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997).

[6] See id.; *Jones v. State*, 251 Ga. App. 285, 287 (2) (a) (554 SE2d 238) (2001).

[7] See *Hoffman v. State*, 259 Ga. App. 131, 136 (7) (576 SE2d 102) (2003); *Hudson v. State*, 246 Ga. App. 335, 336-337 (4) (539 SE2d 860) (2000).