**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 8, 2017**

# In the Court of Appeals of Georgia

A17A1303. FOSTON v. THE STATE.

RAY, Presiding Judge.

Arturo Foston was indicted in Fayette County for aggravated assault, burglary, criminal trespass, and family violence battery. After a trial, a jury found Foston guilty of family violence battery and acquitted him of all other charges. Foston was sentenced to five years in prison pursuant to OCGA § 16-5-23.1 (f) (2) and OCGA § 17-10-7 (a), (c). Foston appeals from his conviction and sentence, as well as the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction and that the trial court erred in not granting his motion for directed verdict. For the reasons set forth, infra, we affirm.

We review a denial of a motion for directed verdict under the same standard as that for determining the sufficiency of the evidence to support a conviction. *Thornton v. State*, 331 Ga. App. 191, 196-197 (2) (770 SE2d 279) (2015). Therefore,

> we view the evidence in the light most favorable to the jury's verdict. The accused is no longer entitled to a presumption of innocence, and we do not weigh the evidence or determine witness credibility but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) Id. at 197 (2).

Under the version of the statute in effect at the time of the offense,[1] OCGA § 16-5-23.1 (a) provides that "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." If the offense of battery is committed, inter alia, between persons who are parents of the same child, the offense shall constitute family violence battery. OCGA § 16-5-23.1 (f). Upon a second or subsequent conviction of family violence battery, "the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years." OCGA § 16-5-23.1 (f) (2).

---

[1] The offense occurred in 2011.

Here, the evidence adduced at trial shows that Foston and the victim, Christa Smith, formerly lived together and that Foston was the father of three of Smith's children. On September 28, 2011, Foston returned to Smith's residence to pick up some of his belongings and discovered that Smith had visitors. An altercation between Foston and Smith ensued outside the residence, and Foston hit Smith with his fist, causing her lip to split and bleed. A neighbor, Melanie Ellington, heard the noise and came outside immediately after the incident. Ellington testified that she saw a man running away and that "there was blood all over [Smith's] lip, and blood on the ground." The police officer who responded to the 911 call also testified that she observed that Smith was bleeding from the mouth. Based on the foregoing evidence, the jury found Foston guilty of family violence battery.

Prior to trial, the State provided notice of its intent to use Foston's prior convictions in aggravation of sentencing and to seek the maximum sentence as a recidivist. The record shows that in 2002, Foston pled guilty to an offense of family violence battery, and a certified copy of his conviction was admitted into evidence without objection at the sentencing hearing. The trial court sentenced Foston to five years in confinement, the maximum sentence authorized by OCGA § 16-5-23.1 (f) (2).

1. On appeal, Foston contends that the evidence was insufficient to support his conviction for felony family violence battery and that the trial court thus erred in failing to grant his motion for directed verdict. Specifically, he argues that there was no evidence that his present and prior family violence battery convictions involved a family member or substantial physical harm or visible bodily harm to the victims. His arguments are without merit.

(a) Here, the offense of family violence battery was established by the evidence that Foston and Smith were the parents of three children together and that Foston punched Smith during an altercation, causing her lip to split and bleed. See OCGA § 16-5-23.1 (f) (a battery committed between parents of the same children constitutes the offense of family violence battery); *Simmons v. State*, 285 Ga. App. 129, 129-130 (645 SE2d 622) (2007) (concluding that evidence was sufficient to support conviction of family violence battery by intentionally causing visible bodily harm to the victim where the victim testified, inter alia, that the defendant hit her in the head with his fist, causing her to bleed, and the responding officer observed that the victim was visibly upset and had a cut on her head); *Gilbert v. State*, 278 Ga. App. 765, 766 (629 SE2d 587) (2006) (holding that there was sufficient evidence to sustain defendant's family violence battery conviction under OCGA § 16-5-23.1 where the responding

4

officer testified that the victim's face was red from the defendant's blow, establishing that the victim's visible harm (reddened face) was capable of being perceived by a person other than the victim); *Babb v. State*, 252 Ga. App. 518, 518, 520 (5) (556 SE2d 562) (2001) (concluding that evidence was sufficient to support jury's verdict of family violence battery, which required a showing of substantial physical harm or visible bodily harm, where the victim's neighbor and friend both testified that the victim's face appeared red and puffy or swollen after defendant struck her in the face). Accordingly, we conclude that the evidence was sufficient to support Foston's conviction for family violence battery.

2. With regard to the sufficiency of Foston's prior conviction for family violence battery, we find that Foston failed to preserve this issue for appellate review by failing to object to the admission of the certified copy of his conviction for the purpose of sentencing. See *Rubi v. State*, 258 Ga. App. 815, 820 (4) (575 SE2d 719) (2002) ("Objections to evidence cannot be raised for the first time either in a motion for new trial or on appeal, and the admission of evidence will not be reviewed by this [C]ourt where no objection was made below to its admission") (citation and punctuation omitted.) Moreover, this appeal is not the proper remedy for challenging

any deficiency in his prior conviction. See *Grogan v. State*, 297 Ga. App. 251, 251-253 (676 SE2d 764) (2009).

*Judgment affirmed. Dillard, C. J., and Self, J., concur*.