**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 16, 2021**

# In the Court of Appeals of Georgia

A21A0916. HENDERSON v. THE STATE.

PER CURIAM.

Following a jury trial, Tavarres Henderson was convicted in Richmond County Superior Court of robbery by intimidation. Henderson now appeals from the denial of his motion for a new trial, arguing that the trial court erred in considering his criminal history during sentencing. He further contends that the trial court erred in awarding restitution without affording him a hearing and without having evidence on which to base such an award. For the reasons explained more fully below, we find no reversible error by the trial court in considering Henderson's criminal history during sentencing, and we therefore affirm the conviction and sentencing order. We further find, however, that the trial court erred in entering a restitution order before holding a hearing and receiving evidence on that issue. Accordingly, we vacate the trial

court's restitution order and remand the case for further proceedings consistent with this opinion.

Viewed in the light most favorable to the verdict,[1] the record shows that the victim was driving home one evening in a pickup truck that he used for work. Henderson and an accomplice forced the victim to stop by pulling their car in front of the truck, causing a minor collision. Henderson exited the car holding a gun and took $60 from the victim's front pocket. After taking the victim's cash, Henderson drove away with the victim's truck, hitting the car driven by his accomplice.

The victim provided police with a description of the car used by the robbers, including the damage the car sustained when hit by the victim's truck. Approximately two hours after the incident, police made a traffic stop of a car matching that description. A man later identified as Henderson got out of the car and fled the scene before he could be questioned by police. During a search of the vehicle, which was owned by Henderson, officers located several items taken from the victim's truck.

Police subsequently located and arrested Henderson, and he and his accomplice were indicted together for armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a firearm by a

---

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

convicted felon.[2] The jury found Henderson guilty of the lesser included offense of robbery by intimidation and acquitted him of hijacking a motor vehicle and possession of a firearm during the commission of a crime. The State thereafter nolle prossed the charge of possession of a firearm by a convicted felon.

Immediately after dismissing the jury, the trial court proceeded with the sentencing hearing. When the court asked the prosecutor for Henderson's criminal history, the prosecutor stated that Henderson had a 2002 conviction in South Carolina for impersonating a law enforcement officer and a 2004 conviction in Florida for grand theft of a motor vehicle, giving a false name to an officer, and possession of a sealed handcuff key. Although the State did not offer the court copies of the convictions, Henderson did not object to the prosecutor's statements or dispute his prior convictions.

The trial court sentenced Henderson to 20 years, with 18 years to be served in incarceration and the balance on probation. The court also announced at the sentencing hearing that it would leave the issue of restitution open for 60 days so that

---

[2] The accomplice was not tried with Henderson.

an appropriate restitution amount could be determined.[3] Although the record reflects that no restitution hearing was ever held, the trial court entered a restitution order on April 25, 2018. In that order, the court noted that Henderson had been sentenced on February 27, 2018; that "restitution was left open for 90 days past [Henderson's] sentencing date"; and that "the restitution amount was determined to be proper in the amount of $3987.97."

Following his conviction, Henderson filed a motion for a new trial. The trial court denied that motion, and Henderson now appeals from that order.

1. Henderson asserts that the trial court erred in considering his prior convictions during sentencing. We disagree.

(a) Under Georgia law, the trial judge in all non-death penalty felony cases is required to conduct a sentencing hearing, at which he or she "shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions." OCGA § 17-10-2 (a) (1). And Georgia's criminal discovery statute (OCGA § 17-16-1, et seq.) provides that "[t]he prosecuting attorney shall, no later than 10 days prior to trial, or at such time as the court orders

---

[3] In contrast, in its sentencing order, the trial court stated that it was leaving the question of restitution open for 90 days.

4

but in no event later than the beginning of trial, provide the defendant with notice of any evidence in aggravation of punishment that the state intends to introduce in sentencing." OCGA § 17-16-4 (a) (5).

On appeal, Henderson contends that the State failed to comply with the notice requirements of OCGA § 17-16-4 (a) (5) and that the trial court therefore could not consider his prior convictions during sentencing. Henderson's argument, however, ignores the fact that the State is not subject to the statutory notice requirements unless the defendant has provided written notice pursuant to OCGA § 17-16-2 (a)[4] that he has elected to participate in reciprocal discovery. See *Soler v. State*, 354 Ga. App. 93, 97 (2) (840 SE2d 169) (2020) ("Under the current statutory scheme, the State is not required to provide notice of its intent to use a prior conviction in aggravation of sentencing under OCGA § 17-16-4 (a) (5) unless written notice of a defendant's election to participate in reciprocal discovery under OCGA § 17-16-2 (a) is provided to the State.") (citation and punctuation omitted). Here, the appellate record contains no evidence showing that either Henderson or the State "opted into the reciprocal

---

[4] OCGA § 17-16-2 (a) provides, in relevant part, that the criminal discovery statute "shall apply to all criminal cases in which at least one felony offense is charged in the event that at or prior to arraignment, or at such time as the court permits, the defendant provides written notice to the prosecuting attorney that such defendant elects to have [the statute] apply to the defendant's case."

discovery provisions of [the criminal discovery statute]. Thus the ten-day time requirement of OCGA § 17-16-4 (a) [(5)] did not apply in this case." *Sullins v. State*, 350 Ga. App. 83, 91 (3) (a) (828 SE2d 142) (2019). See also *Wright v. State*, 226 Ga. App. 848, 849-850 (4) (487 SE2d 405) (1997).

(b) During the sentencing hearing, the State's evidence of Henderson's prior convictions consisted of the statements of the prosecutor, which were not challenged by Henderson. See *State v. Rosenbaum*, 305 Ga. 442, 451 (2) (a) (826 SE2d 18) (2019) (because "attorneys are officers of the court," in the context of the hearing, "a statement to the court in [the attorney's] place is prima facie true and needs no further verification unless the same is required by the court or the opposite party") (citation and punctuation omitted); *Johnson v. State*, 348 Ga. App. 667, 673 (1) (a) (824 SE2d 561) (2019) (noting that "in the absence of an objection, a prosecutor's evidentiary proffers to the trial court during a hearing will be treated on appeal as the equivalent of evidence") (citation and punctuation omitted). On appeal, Henderson contends that the trial court erred in considering this evidence because the State was required to provide the court with certified copies of any prior convictions. Given that Henderson failed to object to the State's evidence at the time it was offered, however, he is barred from raising this issue on appeal. See *Foston v. State*, 342 Ga. App. 508, 510

6

(2) (804 SE2d 151) (2017) (defendant's failure to challenge in the trial court the alleged deficiency in his prior conviction waived appellate review of the issue); *Rubi v. State*, 258 Ga. App. 815, 820 (4) (575 SE2d 719) (2002) ("Objections to evidence cannot be raised for the first time either in a motion for new trial or on appeal, and the admission of evidence will not be reviewed by this court where no objection was made below to its admission.") (citation and punctuation omitted).

2. Henderson argues that the trial court erred in entering a restitution order without holding a hearing or otherwise receiving any competent evidence on the issue of restitution. We agree.

Georgia law permits a trial court to enter a restitution award in an amount not to exceed the victim's damages.[5] OCGA §§ 17-14-3 (a); 17-14-9. Where "the parties have not agreed on the amount of restitution prior to sentencing, the [trial court] shall set a date for a hearing to determine restitution." OCGA § 17-14-7 (b). At such a hearing, the State bears the burden of proving, by a preponderance of the evidence, "the amount of the loss sustained by [the] victim," while the defendant must prove

---

[5] The restitution statute defines "damages" as "all special damages which a victim could recover against an offender in a civil action, . . . based on the same act or acts for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish, or loss of consortium." OCGA § 17-14-2 (2).

7

both his financial resources and the financial needs of his dependents. OCGA § 17-14-7 (b). And when determining the amount of restitution to be paid, the trial court should consider the factors set forth in OCGA § 17-14-10 (a) (1)-(8).

Here, the record shows that the trial court entered the restitution order without holding a hearing. Moreover, neither party introduced any evidence at trial or at the sentencing hearing that demonstrated either the amount of the victim's damages or Henderson's ability to pay restitution. Given that the restitution award lacked an evidentiary basis and failed to comply with the relevant statutory requirements, we vacate the restitution order and remand the case for a restitution hearing. See *Parker v. State*, 320 Ga. App. 319, 323-324 (2) (741 SE2d 159) (2013).

*Judgment affirmed in part and vacated in part, and case remanded with direction. Division Per Curiam. All Judges concur.*